IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FREDERIC WELBORN LUNSFORD | § | |
| v. | § | CIVIL ACTION NO. 9:08cv72 |
| | | (Crim. No. 9:98cr12) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Frederic Lunsford, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lunsford was convicted of distribution of a controlled substance with intent to commit a crime of violence on April 2, 1998, receiving a sentence of 240 months in prison, followed by two years of supervised release.  He did not take a direct appeal of his sentence, but has filed one previous Section 2255 motion to vacate or correct his sentence.  *See* Lunsford v. United States, civil action no. 9:05cv48 (E.D.Tex., dismissed with prejudice on October 18, 2005, certificate of appealability denied by Fifth Circuit on August 25, 2006).

Lunsford says that he believed that if he pleaded guilty in federal court as well as state court, his sentences would run concurrently, and so he would serve his entire sentence in federal prison; in other words, his state and federal sentences would end on the same day.  Although Lunsford has a 20-year federal sentence and a 35-year state sentence, he says that he believed that he would be paroled on his state sentence on or before his release from federal prison.

However, Lunsford says, at some point in 2006, he learned that he would not become eligible for parole until he had served 17½ years on his state sentence, that he cannot apply for state parole

while in federal custody, and that he will be transported to state prison after his federal sentence is completed. He argues that the promise made to him to induce his guilty plea, that he would be released from state and federal prison on the same day, is not being fulfilled, and so the plea agreement has been breached.

Lunsford says that the statute of limitations has not run on these claims because "it did not begin to run until one year after he discovered the facts" forming the basis of his claims. Although he says that he learned in 2006 that he would not be eligible for parole until he had served 17½ years of his state sentence, he also contends that the date on which he learned the facts forming the basis of this claim was in February of 2008. Lunsford also attaches a letter written to him by Texas state authorities in December of 1998, in which he was told that he would become eligible for parole on August 30, 2015.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge noted that Lunsford had not shown that he had received permission from the Fifth Circuit to file a second or successive petition, and in fact had sought leave to file a successive petition raising essentially the same issue, which request for leave was denied by the Fifth Circuit on March 6, 2007. The Magistrate Judge therefore concluded that because Lunsford did not have leave to file a successive petition, the district court lacked jurisdiction over the claim.

Lunsford filed objections to the Report on June 26, 2008. In his objections, Lunsford says that he learned in 2000 that his state and federal petitions would not "coterminate," presumably meaning that his confinement on the sentences would not end at the same time. In 2006, he says, he learned that he would not achieve eligibility for parole on his state sentence until he had served 17½ years of that sentence. When he realized that he would not become eligible for parole until his federal sentence release date, he began writing letters to the Texas prison authorities and the state court in an attempt to receive a parole hearing prior to August of 2015. Through these communications, he learned that the state had defined his offense as aggravated, and so he could not get a parole hearing until after his eligibility date in August of 2015, he probably would not receive

parole at his first eligibility date, and he could not receive a parole hearing until after he had entered state custody. Lunsford says that he received this information in late 2007 and February of 2008, after which he filed his Section 2255 motion.

In his second objection, Lunsford turns to the issue of the successive petition. He says that he does not dispute that this is numerically his second 2255 motion, but that not every such petition qualifies as "successive." He says that for example, if a court dismisses a first petition on technical grounds, such as a failure to exhaust, a later petition is not successive. Lunsford states that in the Fifth Circuit, a petition is successive if it raises a claim that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ. He says that in this case, because he did not learn of the facts until after he had filed his first Section 2255 motion, and so the present one is not successive. Lunsford concedes that he knew prior to his first motion that his sentences would not end at the same time, but did not learn until two months prior to the filing of the present motion that he would be taken into state custody upon the completion of his federal sentence, which he says violates his understanding of the plea bargain. Consequently, Lunsford says, this is not a second or successive petition.

As noted by the Magistrate Judge, Lunsford has already presented essentially the same claim as raised in this present petition to the Fifth Circuit in seeking leave to file a successive petition, which request was denied. Had the Fifth Circuit determined that Lunsford's claims were not successive, that Court would not have denied his request to file a successive petition, but would have declared that permission was not needed. *See, e.g.*, In re Dimas, slip op. no. 03-40648 (5th Cir., July 2, 2003) (unpublished) (declaring that petition was not successive and remanding case to the district court for consideration on the merits). Lunsford has failed to show that his petition is not successive or that leave to file should not be required; to the extent that he argues that his claims could not have been discovered until some two months before they were filed, this is an argument which should be presented to the Fifth Circuit Court of Appeals in a request for leave to file a successive petition. Until such leave is obtained, this Court lacks jurisdiction over the claims which Lunsford presents.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED without prejudice. Lunsford may refile his motion at such time, and only at such time, as he obtains leave from the Fifth Circuit Court of Appeals to file a successive petition. It is further

ORDERED that the Petitioner Frederic Lunsford is hereby DENIED a certificate of appealability *sua sponte*. The denial of a certificate of appealability shall have no effect upon Lunsford's right to seek leave from the Fifth Circuit to file a successive petition, and further shall have no effect upon Lunsford's right to pursue his claims in the district court in the event that such leave is granted. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the 1 day of **July, 2008.**

_____
Thad Heartfield
United States District Judge